Filed 6/15/16  P. v. Freeman CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ANDRE FREEMAN,<br><br>    Defendant and Appellant. | B262621<br><br>(Los Angeles County<br>Super. Ct. No. LA062180) |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Laura F. Priver, Judge.  Affirmed.

Joseph R. Escobosa, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————

In June 2010, in an earlier case Andre Freeman pled no contest to one count of forced oral copulation. (Pen. Code, § 288a, subd. (c)(2).) In exchange, several other sex offense and illegal drug related counts were dismissed. The imposition of sentence was suspended, and Freeman was placed on five years' probation. As conditions of probation, Freeman was to obey all laws and not possess drugs or consort with known drug users. Freeman was also ordered to pay restitution of more than $18,000 to his victims.

The police were called to Freeman's home on New Year's Day 2014 in response to a call about an altercation between Freeman and his wife Tatiana, who claimed Freeman had shoved her around. The police arrested Freeman and, when they conducted a booking search, found a baggie containing methamphetamine. Although Freeman was initially charged with spousal assault and drug possession, the prosecution dismissed those counts and elected to bring a probation violation hearing instead.

The police officer who responded to the disturbance call testified that party guest Armando Galan told him that Freeman called Tatiana a "fucking bitch and whore," shoved her twice in the chest, and, after being separated, walked back and slapped her face. Galan also told the officer that Freeman started a fight with another guest. The officer also testified that when he searched Freeman at the police station, he found the baggie that turned out to contain methamphetamine. Galan gave generally evasive testimony about the events, but generally denied seeing Freeman shove or slap Tatiana.

Freeman testified that he was upset because there were uninvited guests at his New Year's Eve party and because he believed someone had given his wife methamphetamine. Freeman claimed he argued with his wife and took the baggie from her, intending to dispose of it later. He denied ever shoving or slapping his wife.

Another officer testified that he went to Freeman's home for a routine probation check on April 21, 2014, and found Tatiana inside the apartment, in violation of the restraining order she obtained against Freeman a few months earlier. Freeman testified that he believed the restraining order had been lifted.

2

The trial court found Galan's and Freeman's testimony was not credible. The trial court noted that Tatiana had asked it to vacate the restraining order several times, with Freeman present each time, and the court declined to do so. Although the trial court believed that there had been some type of altercation between Freeman and his wife, the facts fell somewhere between the two conflicting accounts. However, regardless of the facts surrounding Freeman's possession of the methamphetamine, the trial believed that Freeman knew his party guests, and knew they were consuming drugs, which also violated his probation conditions. The trial court then revoked Freeman's probation and imposed a three-year state prison term.

Freeman filed a notice of appeal. On February 26, 2016, his appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) in which no issues were raised. The brief included a declaration from counsel that he had reviewed the record and had sent Freeman a letter advising him that such a brief would be filed and that he could file a supplemental brief if he chose to. That same day, this court sent Freeman a letter advising him that a *Wende* brief had been filed and that he had 30 days to submit a brief raising any issues he wanted us to consider. Freeman then filed a 12-page, handwritten supplemental brief.

His 12-page, handwritten brief contends that the probation report contained numerous errors that improperly influenced the trial court. These included: statements that he had been convicted under Penal Code section 288, subdivision (c)(2), which applies to lewd conduct by a caretaker upon a dependent, instead of forced oral copulation under Penal Code section 288a, subd. (c)(2); understating how much he had paid in restitution; giving an incorrect date of marriage to Tatiana; understating by one day the number of days he had served in jail; the omission of positive information, such as his completion of nearly twice the sex offender courses he was required to take; and the failure to accurately or completely state the facts concerning his alleged probation violation. He also contends he received ineffective assistance of counsel because his lawyer: did not notice these errors; did not subpoena unnamed witnesses; did a poor job

3

cross examining the arresting officer; and did not provide the trial court with certain letters attesting to his good character. Finally, Freeman contends that the evidence did not support the trial court's findings.

Although the error concerning the nature of his underlying offense did show up in the original abstract of judgment, it was corrected one month later. Regardless of whether the probation report included other factual errors, nothing in the record shows that the trial court relied particularly on any portion of the probation report, or errors that were present, or that the probation reports had any preclusive effect on the court's factual findings or imposition of sentence. As a result, even if error occurred, it was harmless. As for Freeman's evidentiary challenges, substantial evidence supports the trial court's findings. Finally, the appellate record is inadequate for purposes of examining Freeman's ineffective assistance of counsel claims, an issue he may raise by way of a separate habeas corpus petition.

We have examined the entire record and are satisfied that Curry's attorney has fully complied with his responsibilities and that no arguable issues exist. (*Smith v. Robbins* (2000) 528 U.S. 259; *Wende, supra,* 25 Cal.3d 436; *People v. Kelly* (2006) 40 Cal.4th 106, 120-121.)

## DISPOSITION

The judgment is affirmed.


                                        RUBIN, ACTING P. J.
WE CONCUR:



        FLIER, J.



        GRIMES, J.

4